1  Joseph E. Sarachek, Esq., NY Bar No. 2163228
2  Zachary E. Mazur, Esq., NY Bar No. 5706726
   Sarachek Law Firm
3  101 Park Avenue, Suite 2700
   New York, New York 10178
4  joe@saracheklawfirm.com, (646) 517-5420
   zachary@saracheklawfirm.com (646) 519-4396
5  *Attorneys for Plaintiffs*

6

7                    **UNITED STATES DISTRICT COURT**

8                    **SOUTHERN DISTRICT OF NEW YORK**

9                       **WHITE PLAINS DIVISION**

10

11  APPAREL SOURCING (HK) LTD, ABONI
    KNITWEAR LTD., AKH ECO APPARELS
12  LTD., ARMOUR GARMENTS LTD.,          CASE NO.  20-cv-4651
    PIMKIE APPARELS LTD., MOHAMMADI
13  GROUP LTD., CORTZ APPARELS LTD.,
    PRUDENT INTERNATIONAL LTD.,          **COMPLAINT AND JURY DEMAND FOR:**
14  RENAISSANCE APPARELS LTD., A. J.     1)  **BREACH OF CONTRACT;**
    SUPER GARMENTS LTD., FEROZA          2)  **BREACH OF IMPLIED CONTRACT;**
15  GARMENTS LTD., MAM GARMENTS          3)  **ANTICIPATORY BREACH OF IMPLIED**
    LTD., MNC APPARELS LTD., NASSA           **CONTRACT;**
16  KNIT LTD., TOY WOOD (BD) CO., LTD.,  4)  **OPEN BOOK ACCOUNT; and**
    WESTERN DRESSES LTD., WINDY          5)  **COMMON COUNT FOR GOODS SOLD**
17  APPARELS LTD., EXECUTIVE                 **AND DELIVERED**
    INTIMATES LTD., FARIHA KNIT TEX
18  LTD., NORP KNIT INDUSTRIES LTD.,
    PEARL GLOBAL INDUSTRIES LTD.,
19  GARMENTS EXPORT VILLAGE LTD.
    and LIDA TEXTILE & DYEING LTD.
20
    Plaintiffs,
21
    v.
22
    TRANSFORM KM LLC, TRANSFORM SR
23  LLC, TRANSFORM SR HOLDINGS LLC,
    and DOES 1 THROUGH 15, INCLUSIVE.
24
    Defendants.
25
          Plaintiffs, Apparel Sourcing (HK) Ltd. ("Apparel Sourcing"), Aboni Knitwear Ltd.
26
    ("Aboni Knitwear"), AKH Eco Apparels Ltd. ("AKH Eco"), Armour Garments Ltd.
27
    ("Armour"), Pimkie Apparels Ltd. ("Pimkie"), Mohammadi Group Ltd. ("Mohammadi"),
28

                                          1

Cortz Apparels Ltd. ("Cortz"), Prudent International Ltd. ("Prudent"), Renaissance Apparels Ltd. ("Renaissance"), A.J. Super Garments Ltd. ("A.J. Super"), Feroza Garments Ltd. ("Feroza"), MAM Garments Ltd. ("MAM Garments"), MNC Apparels Ltd. ("MNC Apparels"), Nassa Knit Ltd. ("Nassa Knit"), Toy Wood (Bd) Co. Ltd. ("Toy Wood"), Western Dresses Ltd. ("Western Dresses"), Windy Apparels Ltd. ("Windy Apparels"), Executive Intimates Ltd. ("Executive Intimates"),  Fariha Knit Tex Ltd. ("Fariha"), Norp Knit Industries Ltd. ("Norp Knit"), Pearl Global Industries Ltd. ("Pearl Global"), Garments Export Village Ltd. ("Export Village") and Lida Textile & Dyeing Ltd. ("Lida Textile"), by and through undersigned counsel, files this complaint against Defendants, Transform KM LLC, Transform SR, LLC, and Transform SR Holdings LLC (collectively "Defendants") alleging as follows:

## I. NATURE OF THE ACTION

1.   This is a complaint for breach of contract, breach of implied contract, anticipatory breach of implied contract, open book account and common counts arising from the parties' formation of a number of agreements for the sale and purchase of consumer goods.

2.   Specifically, throughout 2019 and early 2020, Defendant Transform KM LLC, which operates the Kmart brand, and Defendant Transform SR LLC, which operates the Sears brand, under the direct supervision of executives from Transform SR Holdings LLC, their parent company, ordered an aggregate amount of over $45 million in goods from the Plaintiffs.

3.   After placing the orders, with most of the goods either delivered to Defendants or ready to ship, Defendants have purported to "cancel" these orders, and not pay for the goods, causing damages to Plaintiffs that exceed $41 million.

## II. THE PARTIES

4.   Plaintiff Apparel Sourcing is a duly formed Bangladeshi limited company with a principal place of business in the city of Dhaka, Bangladesh.

5.   Plaintiff Aboni Knitwear is a duly formed Bangladeshi limited company with a principal place of business in the city of Dhaka, Bangladesh.

6.   Plaintiff AKH Eco is a duly formed Bangladeshi limited company with a principal place of business in the city of Dhaka, Bangladesh.

7.   Plaintiff Armour is a duly formed Bangladeshi limited company with a principal place of business in the city of Dhaka, Bangladesh.

8.   Plaintiff Pimkie is a duly formed Bangladeshi limited company with a principal place of business in the city of Gazipur, Bangladesh.

9.   Plaintiff Mohammadi is a duly formed Bangladeshi limited company with a principal place of business in the city of Dhaka, Bangladesh.

10. Plaintiff Cortz is a duly formed Bangladeshi limited company with a principal place of business in the city of Gazipur, Bangladesh.

11. Plaintiff Prudent is a duly formed Bangladeshi limited company with a principal place of business in the city of Chittagong, Bangladesh.

12. Plaintiff Renaissance is a duly formed Bangladeshi limited company with a principal place of business in the city of Gazipur, Bangladesh.

13. Plaintiff A.J. Super is a duly formed Bangladeshi limited company with a principal place of business in the city of Dhaka, Bangladesh.

14. Plaintiff Feroza is a duly formed Bangladeshi limited company with a principal place of business in the city of Dhaka, Bangladesh.

15. Plaintiff MAM Garments is a duly formed Bangladeshi limited company with a principal place of business in the city of Dhaka, Bangladesh.

16. Plaintiff MNC Apparels is a duly formed Bangladeshi limited company with a principal place of business in the city of Dhaka, Bangladesh.

17. Plaintiff Nassa Knit is a duly formed Bangladeshi limited company with a principal place of business in the city of Dhaka, Bangladesh.

18. Plaintiff Toy Wood is a duly formed Bangladeshi limited company with a principal place of business in the city of Dhaka, Bangladesh.

19. Plaintiff Western Dresses is a duly formed Bangladeshi limited company with a principal place of business in the city of Dhaka, Bangladesh.

20. Plaintiff Windy Apparels is a duly formed Bangladeshi limited company with a principal place of business in the city of Dhaka, Bangladesh.

21. Plaintiff Executive Intimates is a duly formed Bangladeshi limited company with a principal place of business in the city of Dhaka, Bangladesh.

22. Plaintiff Fariha is a duly formed Bangladeshi limited company with a principal place of business in the city of Dhaka, Bangladesh.

23. Plaintiff Norp Knit is a duly formed Bangladeshi limited company with a principal place of business in the city of Dhaka, Bangladesh.

24. Plaintiff Pearl Global is a duly formed Indian limited company with a principal place of business in the city of Gurgaon, India.

25. Plaintiff Export Village is a duly formed Bangladeshi limited company with a principal place of business in the city of Gazipur, Bangladesh.

26. Plaintiff Lida Textiles is a duly formed Bangladeshi limited company with a principal place of business in the city of Gazipur, Bangladesh.

27. Upon information and belief, Defendant Transform KM LLC ("Transform KM") is a Delaware limited liability company with its principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

28. Upon information and belief, Defendant Transform SR LLC ("Transform SR") is a

Delaware limited liability company with its principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

29. Upon information and belief, Defendant Transform SR Holdings LLC ("Transform Holdings") is a Delaware limited liability company with its principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois 60179.

30. Plaintiffs are unaware of the true names and capacities, whether individual, corporate, of the defendants named as DOES 1 through 15, inclusive, and has therefore sued those defendants by such fictitious names and capacities and will amend the complaint to reflect their true names when they have been ascertained.

### III. JURISDICTION AND VENUE

31. This Court has original subject matter jurisdiction under 18 U.S.C. § 1332 in that this is a civil action between citizens of a state and citizens or subjects of foreign states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Plaintiffs are all corporations duly organized under the laws of foreign countries.  Defendants are all Delaware limited liability companies headquartered in the state of Illinois.   Pursuant to 28 U.S.C. § 1332(a)(2), there exists complete diversity of citizenship of the parties. There are no other parties to the case whose citizenship is at issue under 28 U.S.C. § 1332.

32. This Court has personal jurisdiction over Defendants because they, directly or through subsidiaries, divisions, groups, or distributors, have sufficient minimum contacts with this forum as a result of business conducted within the State of New York and this judicial district, including at least regularly conducting business from the Kmart store located at 399 Tarrytown Road White Plains, New York 10607 and through the websites www.sears.com and www.kmart.com.

33. Venue is proper in this Court because Defendants have, as recently as 2018, chosen this same venue to file a Chapter 11 bankruptcy proceeding (*In re Sears Holdings Corporation, et al.* United States Bankruptcy Court, Southern District of New York, White Plains Division. Case no. 18-23538-rdd) (the "Bankruptcy proceeding").    The decision to file for bankruptcy in White Plains was made by the same executive team that now controls Defendants.   The facts described in this complaint flow directly from the consummation of a February 8, 2019 court order signed by Bankruptcy Judge Robert D. Drain (Southern District of New York – White Plains) approving the sale of substantially all of Sears and Kmart's assets to Defendants (the "Transform Sale Order").  This order allowed Defendants to continue making orders for goods under the guise of the now bankrupt Sears and Kmart entities.

34. Venue is also proper in this Court because the products that Plaintiffs shipped were intended for sale in Westchester County. Moreover, Defendant Transform KM is doing business in Westchester County at its Kmart store located at 399 Tarrytown Road White Plains, New York 10607.

## IV. FACTS COMMON TO ALL CLAIMS

35. Plaintiffs are primarily in the business of manufacturing and/or sourcing apparel and footwear.  They sell products worldwide, including to well-known companies.

36. Based on information and belief, after the February 8, 2019 Transform Sale Order, Defendant Transform Holdings carried out certain continuations of both the Kmart and Sears brands, through the formation of two wholly owned subsidiaries Defendant Transform KM LLC and Defendant Transform SR LLC respectively.

37. Starting prior to the Transform Sale Order, Plaintiffs and Defendants (and formerly Defendants' predecessor entities) had a purchaser/supplier relationship that proceeded through a sequence of standardized communications, without any formal master agreement.

38.  Defendants Transform KM and Transform SR would regularly transmit sample requests to the Plaintiffs and then confirm pricing and quantity.

39. Once the samples were approved, this would be followed by the issuance of a "wings sheet" with quantity and all relevant production information for the production of specific clothing items.  These "wings sheets" included quantity of fabric, trims and accessories, as well as a delivery schedule.

40. Receipt of a "wings sheet" would signify the confirmation of an order, whereby Plaintiffs would immediately begin the process of acquiring the necessary raw materials, including fabrics, trims and accessories.

41. Next, purchase orders would be uploaded by Defendants to their shared online vendor portal "GTNexus" containing price, quantity, and delivery dates.  Plaintiffs would regularly access this portal to download purchase orders.

42. The terms of each purchase order were ultimately for payment by wire transfer in 20-45 days from the time Plaintiffs would deliver the finished goods to Defendants' logistics provider abroad.

43. On receipt of the "wings sheets," which were followed by the purchase orders, Plaintiffs would then manufacture the goods.

44.  Once the goods were complete, Plaintiffs would issue invoices to Defendants Transform KM and Transform SR and forward the products along for shipment through Defendants' worldwide network of freight forwarders.

45. Starting in the Fall of 2019, Defendants began to miss deadlines for payments on some Plaintiffs' invoices.

46. Starting in January 2020, Defendant Transform Holdings executives Frank Gourlin and Gregory Ladley hosted multiple meetings and conference calls for its worldwide vendors,

counseling patience, alleging economic hardship and promising payments for unpaid goods in the future.

47. Some of the India and Bangladesh-based Plaintiffs attended a meeting at the offices of Triburg Consultants Pvt. Ltd. ("Triburg"), one of Defendants' sourcing agents, in Delhi, Indi on January 21, 2020, where they met personally with Gourlin and Ladley, who assured the Plaintiffs that payments would be made in early March of 2020.

48. During the January and February 2020 meetings and calls, Ladley held out hope that an upcoming "major asset sale" would be fundamental for Defendants' attempt to normalize payments to Plaintiffs and other similarly situated vendors.

49. However, starting in the Spring of 2020, after transmitting millions of dollars in "wings sheets" and purchase orders to Plaintiffs, Defendants have purported to "cancel" these orders by sending identical, short emails to the Plaintiffs at varying dates between April and May 2020 (a true copy of one of the "Cancellation Emails" is included here as Exhibit "A").

50. The Cancellation Emails declared that Plaintiffs' purchase orders (the "Cancelled POs") are void "without any monetary consequences associated with such cancelations [sic]" and goes on blame the "COVID-19 crisis."

51. The Cancellation Email further justifies the cancellations by invoking "the terms of our purchase orders and sections 2-615 and 2-616 of the Uniform Commercial Code."

52. At the time of receipt of their respective Cancellation Emails, Plaintiffs had goods at various stages of production, including goods that had already been delivered to the Defendants' freight forwarders.

53. The first category of goods had already been shipped at the time of the purported cancellations (the "Shipped Goods"). For the Shipped Goods, the respective bills of lading for all of Plaintiff's shipments to Defendants have been signed by Defendants' freight forwarder(s)

on FOB terms, and Defendants have never disputed receiving the products or presented any valid excuse for performance.  These goods have now been abandoned by the Defendants in various seaports in the United States.

54. Nevertheless, Defendants failed to pay Plaintiffs for the Shipped Goods.

55. The second category of affected goods had already been produced by Plaintiffs at the time of receipt of the respective Cancellation Emails (the "Ready to Ship Goods").

56. Defendants have subsequently refused to accept delivery of the Ready to Ship Goods, without offering any valid excuse.

57. Defendants have failed to pay Plaintiffs for the Ready to Ship Goods.

58. The third category of affected goods were in production by Plaintiffs at the time of receipt of the respective Cancellation Emails (the "Unfinished Goods").  As part of the production process, Plaintiffs have incurred expenses to produce the Unfinished Goods through the purchase of raw materials.   Plaintiffs have incurred further damages through the loss of profits on sale of the Unfinished Goods.

59. Defendants have repudiated the orders for the Unfinished Goods without paying Plaintiffs any money.

*Apparel Sourcing (HK) Limited*

60. Defendant Transform KM owes Plaintiff Apparel Sourcing a total amount of $433,802.09 for Shipped Goods, $76,733.00 for Ready to Ship Goods, and $630,321.49 for expenses and lost profit for Unfinished Goods, exclusive of costs and interest.  The total owed by Transform KM to Apparel Sourcing is $1,140,856.58.

61. Defendant Transform SR owes Plaintiff Apparel Sourcing a total amount of $424,830.12 for Shipped Goods, $174,594.36 for Ready to Ship Goods, and $984,576.33 for expenses and lost profit for Unfinished Goods, exclusive of costs and interest.  The total owed

by Transform SR to Apparel Sourcing is $ 1,584,000.81. The amounts owed by Defendants to

Plaintiff Apparel Sourcing are detailed in Exhibit "B."

*Aboni Knitwear Ltd.*

62. Defendant Transform KM owes Plaintiff Aboni a total amount of $488,140.55 for

Shipped Goods, $264,331.36 for Ready to Ship Goods, and $523,380.50 for expenses and lost

profit for Unfinished Goods, exclusive of costs and interest.  The total owed by Transform KM

to Aboni is $1,275,852.41.

63. Defendant Transform SR owes Plaintiff Aboni a total amount of $99,777.06 for

Shipped Goods, $372,368.96 for Ready to Ship Goods, and $582,526.07 for expenses and lost

profit for Unfinished Goods, exclusive of costs and interest.  The total owed by Transform SR

to Aboni is $1,054,672.09.  The amounts owed by Defendants to Plaintiff Aboni are detailed in

Exhibit "C."

*AKH ECO Apparels Ltd.*

64. Defendant Transform KM owes Plaintiff AKH Eco a total amount of $358,281.45

for Shipped Goods and $9,781.20 for Ready to Ship Goods, exclusive of costs and interest.

The total owed by Transform KM to AKH Eco is $368,062.65.

65. Defendant Transform SR owes Plaintiff AKH Eco a total amount of $411,344.05

for Shipped Goods, $171,548.28 for Ready to Ship Goods, and $61,767.88 for expenses and

lost profit for Unfinished Goods, exclusive of costs and interest.  The total owed by Transform

SR to AKH Eco is $644,660.21.  The amounts owed by Defendants to Plaintiff AKH Eco are

detailed in Exhibit "D."

*Armour Garments Ltd.*

66. Defendant Transform KM owes Plaintiff Armour a total amount of $119,267.24 for Shipped Goods and $703,256.95 for Ready to Ship Goods, exclusive of costs and interest. The total owed by Transform KM to Armour is $822,524.19.

67. Defendant Transform SR owes Plaintiff Armour a total amount of $147,032.30 for Shipped Goods and $452,241.84 for Ready to Ship Goods, exclusive of costs and interest. The total owed by Transform SR to Armour is $599,274.14. The amounts owed by Defendants to Plaintiff Armour are detailed in Exhibit "E."

***Pimkie Apparels Ltd.***

68. Defendant Transform KM owes Plaintiff Pimkie a total amount of $1,844,056.51 for Shipped Goods, $549,916.91 for Ready to Ship Goods, and $126,845.88 for expenses and lost profit for Unfinished Goods, exclusive of costs and interest. The total owed by Transform KM to Pimkie is $2,520,819.30.

69. Defendant Transform SR owes Plaintiff Pimkie a total amount of $963,421.84 for Shipped Goods, $82,587.13 for Ready to Ship Goods, and $175,138.50 for expenses and lost profit for Unfinished Goods, exclusive of costs and interest. The total owed by Transform SR to Pimkie is $1,221,147.47. The amounts owed by Defendants to Plaintiff Pimkie are detailed in Exhibit "F."

***Mohammadi Group Ltd.***

70. Defendant Transform KM owes Plaintiff Mohammadi a total amount of $82,764.00 for Shipped Goods, $36,165.04 for Ready to Ship Goods, and $27,693.90 for expenses and lost profit for Unfinished Goods, exclusive of costs and interest. The total owed by Transform KM to Mohammadi is $146,622.94.

71. Defendant Transform SR owes Plaintiff Mohammadi a total amount of $46,074.96 for Ready to Ship Goods and $141,301.42 for expenses and lost profit for Unfinished Goods,

exclusive of costs and interest.  The total owed by Transform SR to Mohammadi is $187,376.38.  The amounts owed by Defendants to Plaintiff Mohammadi are detailed in Exhibit "G."

### Cortz Apparels Ltd.

72. Defendant Transform KM owes Plaintiff Cortz a total amount of $44,521.40 for Shipped Goods and $51,868.87 for expenses and lost profit for Unfinished Goods, exclusive of costs and interest.  The total owed by Transform KM to Cortz is $96,390.27.

73. Defendant Transform SR owes Plaintiff Cortz a total amount of $616,670.47 and $29,269.68 for expenses and lost profit for Unfinished Goods, exclusive of costs and interest. The total owed by Transform SR to Cortz is $645,940.15.  The amounts owed by Defendants to Plaintiff Cortz are detailed in Exhibit "H."

### Prudent International Ltd.

74. Defendant Transform KM owes Plaintiff Prudent a total amount of $2,541,356.50 for Shipped Goods, $1,763,061.53 for Ready to Ship Goods, and $234,857.23 for expenses and lost profit for Unfinished Goods, exclusive of costs and interest.  The total owed by Transform KM to Prudent is $4,539,275.26.

75. Defendant Transform SR owes Plaintiff Prudent a total amount of $1,520,364.11 for Shipped Goods, $1,089,285.07 for Ready to Ship Goods, and $123,348.77 for expenses and lost profit for Unfinished Goods, exclusive of costs and interest.  The total owed by Transform SR to Prudent is $2,732,997.95.  The amounts owed by Defendants to Plaintiff Prudent are detailed in Exhibit "I."

### Renaissance Apparels Ltd

76. Defendant Transform KM owes Plaintiff Renaissance a total amount of $623,678.95 for Shipped Goods, $378,435.78 for Ready to Ship Goods, and $115,653.20 for

expenses and lost profit for Unfinished Goods, exclusive of costs and interest.  The total owed by Transform KM to Renaissance is $1,117,767.93.

77. Defendant Transform SR owes Plaintiff Renaissance a total amount of $1,002,064.19 for Shipped Goods, $225,283.78 for Ready to Ship Goods, and $126,536.35 for expenses and lost profit for Unfinished Goods, exclusive of costs and interest.  The total owed by Transform SR to Renaissance is $1,353,884.32.  The amounts owed by Defendants to Plaintiff Renaissance are detailed in Exhibit "J."

***A. J. Super Garments Ltd.***

78. Defendant Transform KM owes Plaintiff A. J. Super a total amount of $242,122.17 for Shipped Goods, exclusive of costs and interest.

79. Defendant Transform SR owes Plaintiff A. J. Super a total amount of $523,371.61 for Shipped Goods, exclusive of costs and interest.  The amounts owed by Defendants to A. J. Super are detailed in Exhibit "K," which also covers the amounts owed to the other Plaintiffs in the Nassa Group of companies (A. J. Super, Feroza, MAM Garments, MNC Apparels, Nassa Knit, Toy Wood and Western Dresses, collectively the "Nassa Plaintiffs").

***Feroza Garments Ltd.***

80. Defendant Transform KM owes Plaintiff Feroza a total amount of  $1,967,596.44 for Shipped Goods, $679,796.49 for Ready to Ship Goods, and  $415,753.64 for expenses and lost profit for Unfinished Goods, exclusive of costs and interest.  The total owed by Transform KM to Feroza is $3,063,146.57.

81. Defendant Transform SR owes Plaintiff Feroza a total amount of  $2,547,045.47 for Shipped Goods, $1,805,229.64 for Ready to Ship Goods, and  $586,279.82 for expenses and lost profit for Unfinished Goods, exclusive of costs and interest.  The total owed by Transform

13

SR to Feroza is $4,938,554.93.  The amounts owed by Defendants to Plaintiff Feroza are detailed in Exhibit "K," along with the other Nassa Plaintiffs.

***MAM Garments Ltd.***

82. Defendant Transform KM owes Plaintiff MAM Garments a total amount of $65,354.28 for expenses and lost profit for Unfinished Goods, exclusive of costs and interest, as detailed as part of Exhibit "K," along with the other Nassa Plaintiffs.

***MNC Apparels Ltd.***

83. Defendant Transform KM owes Plaintiff MNC Apparels a total amount of $62,415.36 for Shipped Goods, exclusive of costs and interest, as detailed as part of Exhibit "K," along with the other Nassa Plaintiffs.

***Nassa Knit Ltd.***

84. Defendant Transform KM owes Plaintiff Nassa Knit a total amount of $485,698.06 for Shipped Goods, $76,100.00 for Ready to Ship Goods, and $98,049.93 for expenses and lost profit for Unfinished Goods, exclusive of costs and interest.  The total owed by Transform KM to Nassa Knit is $659,847.99.

85. Defendant Transform SR owes Plaintiff Nassa Knit a total amount of $788,433.87 for Shipped Goods and $169,208.77 for expenses and lost profit for Unfinished Goods, exclusive of costs and interest.  The total owed by Transform SR to Nassa Knit is $957,642.64.  The amounts owed by Defendants to Plaintiff Nassa Knit are also detailed in Exhibit "K," along with the other Nassa Plaintiffs.

***Toy Wood (BD) Co., Ltd.***

86. Defendant Transform KM owes Plaintiff Toy Wood a total amount of  $269,123.90 for Shipped Goods, $128,677.12 for Ready to Ship Goods, and $177,856.82 for expenses and

lost profit for Unfinished Goods, exclusive of costs and interest.  The total owed by Transform KM to Toy Wood is $575,657.84.

87. Defendant Transform SR owes Plaintiff Toy Wood a total amount of $673,292.39 for Shipped Goods, $418,332.96 for Ready to Ship Goods, and $240,378.17 for expenses and lost profit for Unfinished Goods, exclusive of costs and interest.  The total owed by Transform SR to Toy Wood is $1,332,003.52.  The amounts owed by Defendants to Plaintiff Toy Wood are detailed in Exhibit "K," along with amounts owed to the other Nassa Plaintiffs.

***Western Dresses Ltd.***

88. Defendant Transform KM owes Plaintiff Western Dresses a total amount of $195,874.40 for Shipped Goods, $289,168.92 for Ready to Ship Goods, and $253,198.22 for expenses and lost profit for Unfinished Goods, exclusive of costs and interest.  The total owed by Transform KM to Western Dresses is $738,241.54.

89. Defendant Transform SR owes Plaintiff Western Dresses a total amount of $265,216.16 for Shipped Goods, $735,816.04 for Ready to Ship Goods, and $33,026.81 for expenses and lost profit for Unfinished Goods, exclusive of costs and interest.  The total owed by Transform SR to Western Dresses is $1,034,059.01.  The amounts owed by Defendants to Plaintiff Western Dresses are also detailed in Exhibit "K," along with the other Nassa Plaintiffs.

***Windy Apparels Ltd***

90. Defendant Transform KM owes Plaintiff Windy Apparels a total amount of $190,469.36 for Shipped Goods and $32,956.00 for expenses and lost profit for Unfinished Goods, exclusive of costs and interest.  The total owed by Transform KM to Windy Apparels is $223,425.36.

91. Defendant Transform SR owes Plaintiff Windy Apparels a total amount of $354,212.14 for Shipped Goods, $41,287.68 for Ready to Ship Goods, and $32,192.00 for expenses and lost profit for Unfinished Goods, exclusive of costs and interest.  The total owed by Transform SR to Windy Apparels is $427,691.82.  The amounts owed by Defendants to Plaintiff Windy Apparels are detailed in Exhibit "L."

***Executive Intimates Ltd.***

92. Defendant Transform SR owes Plaintiff Executive Intimates a total amount of $126,146.38 for Shipped Goods and $80,643.78 for Ready to Ship Goods, exclusive of costs and interest.  The total owed by Transform SR to Executive Intimates is $206,790.16.  The amounts owed by Defendants to Plaintiff Executive Intimates are detailed in Exhibit "M."

***Fariha Knit Tex Ltd.***

93. Defendant Transform KM owes Plaintiff Fariha a total amount of $472,233.37 for Shipped Goods and $194,063.82 for Ready to Ship Goods, exclusive of costs and interest.  The total owed by Transform KM to Fariha is $666,297.19.

94. Defendant Transform SR owes Plaintiff Fariha a total amount of $362,239.47 for Shipped Goods and $288,832.22 for Ready to Ship Goods, exclusive of costs and interest.  The total owed by Transform SR to Fariha is $651,071.69.  The amounts owed by Defendants to Plaintiff Fariha are detailed in Exhibit "N."

***Norp Knit Industries Ltd.***

95. Defendant Transform KM owes Plaintiff Norp Knit a total amount of $170,781.24 for Shipped Goods and $45,160.68 for Ready to Ship Goods, exclusive of costs and interest. The total owed by Transform KM to Norp Knit is $215,941.92.

96. Defendant Transform SR owes Plaintiff Norp Knit a total amount of $96,881.39 for Shipped Goods and $58,069.11 for Ready to Ship Goods, exclusive of costs and interest.  The

total owed by Transform SR to Norp Knit is $154,950.50.  The amounts owed by Defendants to Plaintiff Norp Knit are detailed in Exhibit "O."

***Pearl Global Industries Ltd.***

97. Defendant Transform SR owes Plaintiff Pearl Global a total amount of $19,957.49 for Shipped Goods, exclusive of costs and interest.  The amounts owed by Defendants to Plaintiff Pearl Global are detailed in Exhibit "P."

***Garments Export Village Ltd.***

98. Defendant Transform KM owes Plaintiff Export Village a total amount of $69,538.68 for Shipped Goods and $114,821.96 for expenses and lost profit for Unfinished Goods, exclusive of costs and interest.  The total owed by Transform KM to Export Village is $184,360.64.

99. Defendant Transform SR owes Plaintiff Export Village a total amount of $280,170.08 for expenses and lost profit for Unfinished Goods, exclusive of costs and interest. The amounts owed by Defendants to Plaintiff Export Village are detailed in Exhibit "Q."

***Lida Textile & Dyeing Ltd.***

100.    Defendant Transform KM owes Plaintiff Lida Textile a total amount of $665,879.43 for Shipped Goods and $288,769.33 for Ready to Ship Goods, exclusive of costs and interest.  The total owed by Transform KM to Lida Textile is $954,648.76.

101.    Defendant Transform SR owes Plaintiff Lida Textile a total amount of $698,454.02 for Shipped Goods and $385,789.12 for Ready to Ship Goods, exclusive of costs and interest.  The total owed by Transform SR to Lida Textile is $1,084,243.14.  The amounts owed by Defendants to Plaintiff Lida Textile are detailed in Exhibit "R."

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

**(Against Defendants Transform KM and Transform SR)**

102.    Plaintiffs incorporate herein all the preceding allegations as though fully set forth herein.

103.    Beginning in or about Spring of 2019, Plaintiffs on the one hand, and Defendants Transform KM and/or Transform SR, on the other hand, entered into a series of written agreements that consisted of a standardized sequence of electronic documents: "wings sheets," followed by purchase orders, followed by vendor acceptance and, on delivery of the goods to the Debtors' freight forwarder, the issuance of invoices.

104.    The parties intended to create, and did create, binding written contracts through these standardized documents, and each knew or should have known that its behavior would be interpreted by the other party as an agreement.

105.    With respect to the Shipped Goods and the Ready to Ship Goods, each of the Plaintiffs have performed all of their obligations under the agreements except for those that have been prevented, delayed, or excused by the acts or omissions of Defendants.

106.    While Plaintiffs have performed all of their obligations under the agreements, Defendant Transform KM has failed to perform its payment obligations and currently owes Plaintiffs $11,327,601.10 for Shipped Goods and $5,483,418.13 for Ready to Ship Goods, as per the allocations detailed above.   Defendant Transform SR owes Plaintiffs $11,640,754.53 for Shipped Goods and $6,427,984.93 for Ready to Ship Goods as detailed above.

107.    Because of Defendants Transform KM and Transform SR's continuous and ongoing failure to perform their obligations to pay for the Shipped and Ready to Ship Goods, Plaintiffs have been damaged in an amount to be proven at trial but not less than $34,879,758.69.

**SECOND CAUSE OF ACTION**

## BREACH OF IMPLIED CONTRACT

### (Against All Defendants)

108.   Plaintiffs incorporate herein all the preceding allegations as though fully set forth here.

109.   Beginning in or about the Spring of 2019, Plaintiffs and Defendants entered into a series of implied agreements through their behavior.

110.   The parties intended to create agreements through their conduct, and each knew or should have known that its behavior would be interpreted by the other party as an agreement.

111.   With respect to the Shipped Goods and the Ready to Ship Goods, each of the Plaintiffs have performed all of their obligations under the agreements except for those that have been prevented, delayed, or excused by the acts or omissions of Defendants.

112.   While Plaintiffs have performed all of its obligations under the agreements, Defendants Transform KM and Transform Holdings have failed to perform its payment obligations and currently owe Plaintiffs $11,327,601.10 for Shipped Goods and $5,483,418.13 for Ready to Ship Goods, as per the allocations detailed above.   Defendants Transform SR and Transform Holdings owe Plaintiffs $11,640,754.53 for Shipped Goods and $6,427,984.93 for Ready to Ship Goods as detailed above.

113.   Because of Defendants continuous and ongoing failure to perform their obligations to pay for the Shipped and Ready to Ship Goods, Plaintiffs have been damaged in an amount to be proven at trial but not less than $34,879,758.69.

### THIRD CAUSE OF ACTION

### ANTICIPATORY BREACH OF IMPLIED CONTRACT

### (Against All Defendants)

19

114.    Plaintiffs incorporate herein all the preceding allegations as though fully set forth here.

115.    Beginning in or about the Spring of 2019, Plaintiffs and Defendants entered into a series of implied agreements through their behavior.

116.    The parties intended to create agreements through their conduct, and each knew or should have known that its behavior would be interpreted by the other party as an agreement.

117.    With respect to the Unfinished Goods, each of the Plaintiffs have begun performance of their obligations under the agreements, except for those that have been prevented, delayed, or excused by the acts or omissions of Defendants.

118.    Plaintiffs incurred expenses through starting performance on the agreements for the Unfinished Goods.  Plaintiffs also expected to earn profits by completing production of the Unfinished Goods.

119.    Before Plaintiffs could complete performance, Defendants have expressly repudiated the agreements for the Unfinished Goods and refused to pay for Plaintiffs' damages that were caused by this repudiation.

120.     Defendants Transform KM and Transform Holdings have an obligation to pay Plaintiffs' damages of $2,868,611.92 for repudiation of the agreements for the Unfinished Goods, as per the allocations detailed *supra*.   Defendants Transform SR and Transform Holdings owe Plaintiffs $3,565,720.65 for damages caused by its repudiation of the Unfinished Goods orders.

121.    Because of Defendants' continuous and ongoing failure to pay their obligations under their repudiation of the Unfinished Goods, Plaintiffs have been damaged in an amount to be proven at trial but not less than $6,787,325.06.

**FOURTH CAUSE OF ACTION**

**COMMON COUNT – OPEN BOOK ACCOUNT**

**(Against Defendants Transform KM and Transform SR)**

122.   Plaintiffs incorporate herein all the preceding allegations as though fully set forth herein.

123.   Since the Spring of 2019, Plaintiffs had a number of financial transactions with Defendants Transform KM and/or Transform SR.

124.    Plaintiffs kept an account of the debits and credits involved in the transactions.

125.   Defendant Transform KM LLC owes Plaintiffs $16,811,019.23 on the account, as per the above stated allocations with reference to the Shipped and Ready to Ship Goods.

126.   Defendant Transform SR LLC owes Plaintiffs $18,068,739.46 on the account, as per the above stated allocations with reference to the Shipped and Ready to Ship Goods.

**FIFTH CAUSE OF ACTION**

**COMMON COUNT – GOODS SOLD AND DELIVERED**

**(Against Defendants Transform KM and Transform SR)**

127.   Plaintiffs incorporate herein all the preceding allegations as though fully set forth herein.

128.   Beginning in or about the Spring of 2019, Defendants requested by words or by conduct that Plaintiffs deliver goods for the benefit of Defendants.

129.   Plaintiffs delivered or attempted to deliver the Shipped and Ready to Ship goods as requested, but Defendants have not paid Plaintiff.

130.    Defendant Transform KM owes $16,811,019.23 and Defendant Transform SR LLC owes $18,068,739.46 for the Shipped and Ready to Ship Goods, allocated among the Plaintiffs as per above.

**PRAYER**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

ON THE FIRST, SECOND, FOURTH AND FIFTH CAUSES OF ACTION

131.    For an award of damages against Defendants Transform KM and Transform Holdings in an amount to be proven at trial but not less than $16,811,019.23, allocated among the Plaintiffs as detailed above;

132.    For an award of damages against Defendants Transform SR and Transform Holdings in an amount to be proven at trial but not less than $18,068,739.46, allocated among the Plaintiffs as detailed above;

133.    For an award of all costs incurred by Plaintiffs herein;

134.    For any and all prejudgment interest; and

135.    For such other and further relief as the Court may deem just, equitable or proper.


ON THE THIRD CAUSE OF ACTION

136.    For an award of damages against Defendants Transform KM and Transform Holdings in an amount to be proven at trial but not less than $2,868,611.92 allocated among the Plaintiffs as detailed above;

137.    For an award of damages against Defendants Transform SR and Transform Holdings in an amount to be proven at trial but not less than $3,565,720.65 allocated among the Plaintiffs as detailed above;

138.    For an award of all costs incurred by Plaintiffs herein;

139.    For any and all prejudgment interest; and

140.   For such other and further relief as the Court may deem just, equitable or proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues so triable.


DATED this 17$^{h}$ day of June 2020


Respectfully submitted,

/s/ Joseph E. Sarachek
Joseph E. Sarachek, Esq.


/s/ Zachary E. Mazur
Zachary E. Mazur, Esq.
*Attorneys for Plaintiffs*